UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **RENALDO J. ASPIRAS,** )<br> )<br>    **Plaintiff,** )<br> )<br>            v. )<br> )<br>**LOUIS DEJOY, United States** )<br>**Postmaster General et al.,** )<br> )<br>    **Defendants.** ) | 2:22-cv-00307-JDL |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Plaintiff Renaldo J. Aspiras, proceeding pro se, filed a Complaint on October 11, 2022, against Defendants Louis DeJoy, United States Postmaster General, and the United States Postal Service (ECF No. 1).[1]  Aspiras alleges that the Defendants violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2 (West 2022), and the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 (West 2022), by discriminating against him based on his anxiety disorder and by denying him reasonable accommodations.  He further alleges that his rights were violated under the Privacy Act of 1974, 5 U.S.C.A. § 552a (West 2022), because his supervisor shared information about his medical condition with unauthorized individuals.  He seeks

---

[1] It is not clear from the Complaint whether Aspiras intended to include the United States Postal Service as a Defendant, or whether the claims are brought solely against DeJoy.  Because the Complaint alleges that the "unlawful employment practices alleged below were committed and/or executed by management and/or supervisory employees of the United States Postal Service" and that the "United States Postal Service engages in interstate commerce and is subject to all statutes alleged to be violated," I construe the Complaint to include claims against both DeJoy and his employer, the United States Postal Service.  Judge Nivison's Recommended Decision also treats the United States Postal Service as a Defendant.

1

pecuniary, non-pecuniary, and compensatory damages, including lost wages, benefits, and medical expenses.

On October 12, 2022, the Clerk's Office sent a letter to Aspiras (ECF No. 4) providing him with Waiver of Service Forms and instructions for serving the Defendants. On October 25, 2022, the Clerk's Office sent him another letter (ECF No. 5) informing him of the same and including additional guidance on service. On January 18, 2023, the Court issued an Order to Show Cause (ECF No. 6) that required Aspiras to show cause in writing no later than February 1, 2023, as to why the Defendants had not been served and warned that the Complaint would be dismissed should Aspiras fail to respond. Aspiras failed to respond.

United States Magistrate Judge John C. Nivison filed a Recommended Decision with the Court on February 13, 2023 (ECF No. 7), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b)(1). Judge Nivison recommends that the Court dismiss the Complaint because Aspiras did not respond to the Order to Show Cause, did not file proof of service on the Defendants or return the waiver forms, and failed to otherwise prosecute his claims. Judge Nivison explains that Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with a Court order. Judge Nivison provided notice that failure to object would waive the right to *de novo* review and appeal.

The time within which to file objections has expired, and no objections have been filed. Notwithstanding this waiver of *de novo* review, I have reviewed and

considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendation of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 7) of the Magistrate Judge is **ACCEPTED** and Aspiras's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

**SO ORDERED.**

**Dated: May 8, 2023**

                                                /s/ Jon D. Levy
                                      **CHIEF U.S. DISTRICT JUDGE**